Jeffrey K. Brown, State Bar No. 162957
jkb@paynefears.com
Matthew C. Lewis, State Bar No. 274758
mcl@paynefears.com
Jack M. McMenamin, State Bar No. 348478
jmm@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant ABM Aviation, Inc.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO, HALL OF JUSTICE**

LAURIE DAVILA, an individual on behalf of herself and others,

Plaintiffs,

v.

ABM AVIATION, INC., a Georgia corporation; and DOES 1 through 50,

Defendants.

Case No. 25CU002207C

The Hon. Evan P. Kirvin
Dept. C-69

**DEFENDANT ABM AVIATION, INC.'S ANSWER TO COMPLAINT**

Action Filed: January 10, 2025
Trial Date: Not Set

Pursuant to the provisions of California Code of Civil Procedure section 431.30, subdivision (d), Defendant ABM Aviation, Inc. ("Defendant") denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff Laurie Davila ("Plaintiff"). Defendant denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSES**

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. As a separate and first affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. As a separate and second affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure sections 335, 337(a), 338(a), 339(1), 340(a)-(b), 343, and 474; and the California Business & Professions Code section 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

3. As a separate and third affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's failure to mitigate her alleged damages bars her claims for damages in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4. As a separate and fourth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the Complaint is barred by the doctrine of laches.

///

///

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5. As a separate and fifth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff is barred, in whole or in part, from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

6. As a separate and sixth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that as a result of Plaintiff's own acts and/or omissions, Plaintiff has waived any right which she may have had to recover, and/or is estopped from recovering, any relief sought against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Settlement/Payment)**

7. As a separate and seventh affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claims on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, to the extent they are subject to prior settlements, compromises, and payments with and to Plaintiff and/or other alleged purported class members and aggrieved parties and/or to the Labor and Workforce Development Agency and other aggrieved employees covering a portion or all of the alleged applicable statutory limitations periods.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Prior Release and/or Waiver of Claims)**

8. As a separate and eighth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claims on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, by the defenses of release and/or waiver, to the extent the claims at issue in the Complaint have been released and/or waived through prior settlements with Plaintiff

and/or other alleged purported class members and aggrieved parties covering a portion or all of the alleged applicable statutory limitations periods including, but not limited to, the judicially approved settlement and judgment entered in any prior class/PAGA actions.

**NINTH AFFIRMATIVE DEFENSE**

**(*Res Judicata* and Collateral Estoppel)**

9. As a separate and ninth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claims on behalf of herself and the other purported class members and aggrieved parties are barred, in whole or in part, by the defenses of *res judicata* and/or collateral estoppel, to the extent there exist prior court-approved determinations, settlements, or judgments involving Defendant and Plaintiff and/or other alleged purported class members and aggrieved parties including, but not limited to, the judicially approved settlement and judgment entered in the prior consolidated class/PAGA actions against Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

10. As a separate and tenth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claims on behalf of herself and the other purported class members and aggrieved parties are barred, in whole or in part, to the extent an accord and satisfaction was made between Plaintiff and/or purported class members and aggrieved parties on the one hand, and Defendant on the other that would resolve the claims in  her lawsuit as to such individuals, whether through settlement of a prior action or otherwise, including, but not limited to, the judicially approved settlement and judgment entered in the prior consolidated class/PAGA actions against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Consent/Attestation)**

11. As a separate and eleventh affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

and all of the purported class members, consented or attested, in writing, that they were provided and received their timely, full, and uninterrupted meal and rest breaks each shift.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Justification/Excuse)**

12. As a separate and twelfth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiff, class, and aggrieved parties and/or the persons and/or entities acting on their behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Remedies)**

13. As a separate and thirteenth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claims on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, by Plaintiff's failure to exhaust internal remedies available to her.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

14. As a separate and fourteenth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claims on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

15. As a separate and fifteenth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's and any class members' or aggrieved employees' losses, if any, are speculative or uncertain or both, and therefore not compensable.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Standing)**

16. As a separate and sixteenth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff has no standing to bring some or all of her claims, including but not limited to, standing to serve as an adequate class representative on behalf of other similarly situated parties or employees, and/or standing to assert statutory claims alleging violations under Labor Code sections 201, 202, 203, 218, 218.5, 222, 223, 224, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 2802, insofar as Plaintiff and other putative class members have not suffered any harm, injury, or damages for alleged violations. Defendant further alleges that Plaintiff has no standing under state law to serve as an adequate class representative on behalf of other aggrieved parties or similarly situated employees insofar as Plaintiff and other represented potential aggrieved persons have not suffered any harm, injury, or damages for alleged violations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Proper Compensation)**

17. As a separate and seventeenth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff and the purported class, at all relevant times, were compensated properly pursuant to the requirements contained in the Labor Code, Industrial Welfare Commission (IWC) Wage Orders, and/or applicable federal law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Compliance with the Law)**

18. As a separate and eighteenth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the actions taken by Defendant were in full compliance with the law.

///

///

///

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

19. As a separate and nineteenth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claims on behalf of herself and the other alleged purported class members and aggrieved parties for penalties are barred because a good faith dispute exists as to the existence and amount of any alleged unpaid wages.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Good Faith Reliance)**

20. As a separate and twentieth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claims on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, because Defendant acted in good faith reliance on its reasonable interpretation of current laws, regulations, and rulings by state and federal courts and agencies.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Knowledge of Uncompensated Work)**

21. As a separate and twenty-first affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that it had no knowledge of, nor should it have had knowledge of, any alleged uncompensated work by Plaintiff, and did not authorize, require, request, suffer, or permit such activity by Plaintiff, any putative class members, or any allegedly aggrieved employees.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Defendant Did Not Act Willfully)**

22. As a separate and twenty-second affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that it did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiff, or the employees on whose behalf she seeks relief, of any wages, overtime, meal periods, rest periods, compliant wage statements, wages due upon termination, or reimbursement of necessary business expenditures to

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

which they were entitled under California wage and hour law, or fail to comply with any other law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Falsified Time Records)**

23. As a separate and twenty-third affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's recovery is barred to the extent that Plaintiff falsified time records during her period of employment with Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Utilize Policy)**

24. As a separate and twenty-fourth affirmative defense to the Complaint, and to each purported individual and class cause of action set forth therein, Defendant alleges that the Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendant, at all relevant times, exercised reasonable care to prevent or correct any allegedly unlawful behavior in the workplace, and Plaintiff and other putative class members or aggrieved employees unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or that any purported work alleged by Plaintiff and other putative class members or aggrieved employees through rest and/or meal periods, or any unreported overtime work, or the other violations asserted in the Complaint was a violation of Defendant's established written California-complaint policies.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Meal and Rest Periods Provided)**

25. As a separate and twenty-fifth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the Plaintiff, the putative class members, and/or the allegedly aggrieved employees were provided the opportunity to take all their full, timely, and uninterrupted meal and/or rest periods during the entire period of employment with Defendant pursuant to California and/or federal law.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Irreparable Harm/Adequate Remedy at Law)**

26. As a separate and twenty-sixth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that to the extent Plaintiff and/or the other alleged similarly situated parties seek injunctive relief under the California Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq*.), their equitable remedy is unavailable based on the lack of irreparable harm and the existence of an adequate remedy at law, and further, that Plaintiff was no longer an employee of Defendant at the time she filed this action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Standing Under UCL)**

27. As a separate and twenty-seventh affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the purported causes of action asserted in the Complaint are barred, in whole or in part, because Plaintiff and any putative class members were not subject to any unlawful or unfair business practices and have no standing to bring this claim under Business and Professions Code section 17200.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Restitution Under UCL)**

28. As a separate and twenty-eighth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that to the extent Plaintiff seeks restitution under the California Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq*.), her equitable remedy is unavailable to the extent based on non-wage claims.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Due Process)**

29. As a separate and twenty-ninth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that, as applied to this case, the putative class claims fail to provide adequate due process protections inasmuch as

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

they constitute trial by formula and unfairly restrict Defendant's right to litigate affirmative defenses to the individual claims of Plaintiff and each putative class member and employee she purports to represent. It therefore denies Defendant the protection of the Due Process Clause of the United States Constitution.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Constitutional Defects in Cal. Bus. & Prof. Code Section 17200, *et seq*.)**

30. As a separate and thirtieth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that any finding of liability under Business & Professions Code sections 17200, 17203, and 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Excessive Penalties)**

31. As a separate and thirty-first affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Another Action Pending/Plea in Abatement/Exclusive Concurrent Jurisdiction)**

32. As a separate and thirty-second affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that to the extent Plaintiff and/or the allegedly other similarly situated parties or employees she seeks to represent pursuant to her putative class claim are already being, and have been, represented in prior filed or settled, or pending, class and representative actions or PAGA actions, each of which

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

asserts the same or similar causes of action against Defendant for violations of the same or similar California wage and hour laws, Plaintiff's individual and/or representative claims are barred or subject to abatement or a stay of action, in whole or in part, as to her and other similarly situated parties, under the plea in abatement or exclusive concurrent jurisdiction doctrine, or either the "first to file" rule or the *Colorado River* abstention doctrine. *See, Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818 (1976); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Arbitrate/Breach of Arbitration Agreement/Contractual Waiver of Class, Collective, and/or Representative Claims)**

33. As a separate and thirty-third affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff and/or other putative class members have previously entered into individual written mutual agreements with class waivers to arbitrate all claims arising out of their employment with Defendant, and/or are union employees subject to negotiated collective bargaining agreements that require arbitration, and further have expressly waived any rights to bring, maintain, or participate in any class, collective, or representative action, and therefore are barred and precluded from participating in a judicial action or any action as a putative class member. More specifically, as it relates to Plaintiff, she entered into a valid and enforceable written Mutual Arbitration Agreement with Defendant on or about February 24, 2023.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(LMRA Section 301 Preemption)**

34. As a separate and thirty-fourth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that each and every cause of action asserted by Plaintiff on behalf of other alleged similarly situated parties is preempted under the Labor Management Relations Act, section 301, to the extent Plaintiff or any putative class member or allegedly aggrieved employee is subject to operative collective bargaining agreements between Defendant and various local unions.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Mandatory Union Grievance and Arbitration Provisions in Collective Bargaining Agreements)**

35. As a separate and thirty-fifth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that each and every cause of action asserted is barred, in whole or in part, to the extent there has been a failure to first exhaust applicable mandatory union grievance and arbitration agreements based on the existence of one or more operative collective bargaining agreements that exist between Defendant, Plaintiff, and/or other alleged similarly situated class members, through various local unions.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees Barred)**

36. As a separate and thirty-sixth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's claim for attorneys' fees is barred by the provisions of Code of Civil Procedure section 1021.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Claims Not Representative of Class)**

37. As a separate and thirty-seventh affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the claims of the named Plaintiff are not representative of the claims of the members of the putative class, and therefore the action is not properly maintained as a class action.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Claims Not Typical)**

38. As a separate and thirty-eighth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the Plaintiff's causes of action on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, on the grounds that the claims of Plaintiff are not typical of the alleged class claims.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Plaintiff Not Similarly Situated)**

39. As a separate and thirty-ninth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the Plaintiff's causes of action on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, on the grounds that a class action is not warranted because Plaintiff is not similarly situated to other proposed class members.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Class Representative Is Adverse to the Class)**

40. As a separate and fortieth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the claims of the named Plaintiff are adverse to the interests and desires of the members of the putative class, and therefore the action is not properly maintained as a class action.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Class Action Not Manageable)**

41. As a separate and forty-first affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class, collective, and/or representative action.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Common Questions Do Not Predominate)**

42. As a separate and forty-second affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's causes of action on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, on the grounds that common questions of law or fact do not predominate in the case.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Lack of Numerosity)**

43. As a separate and forty-third affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's causes of action on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, on the grounds that the putative class lacks numerosity, in part because putative class members have signed agreements to arbitrate any claims they may have and/or are subject to collective bargaining agreements, and have expressly waived any rights to bring, maintain, or participate in any class, collective, or representative action, and therefore are barred and precluded from participating in this judicial action.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Not Adequate Class Representative)**

44. As a separate and forty-fourth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's causes of action on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, on the grounds that Plaintiff is not an adequate class representative.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Class Action Not Superior Method of Adjudication)**

45. As a separate and forty-fifth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's causes of action on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, on the grounds that a class action is not the superior method of adjudication in the case.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Class Action Allegations Inappropriate)**

46. As a separate and forty-sixth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, the Complaint and each cause of

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

action therein fails to state facts sufficient to constitute a cause of action against Defendant because, among other reasons: (1) Plaintiff lacks the capacity to sue as representative of the purported class; (2) Plaintiff cannot establish commonality of claims; (3) Plaintiff cannot establish typicality of claims; and (4) the individualized nature of Plaintiff's claims makes class treatment inappropriate.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

47. As a separate and forty-seventh affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the amounts claimed are overstated and/or subject to offset by any amounts owed by Plaintiff to Defendant.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Ratification)**

48. As a separate and forty-eighth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant is not liable for damages because if any person engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, they did so without the knowledge, authorization, or ratification of Defendant.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

49. As a separate and forty-ninth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that the injuries and damages alleged in the Complaint by Plaintiff occurred, were proximately caused by, and/or were contributed to by Plaintiff's, any putative class members', or allegedly aggrieved employees' own acts or failures to act and that Plaintiff's, any putative class members', and allegedly aggrieved employees' recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**FIFTIETH AFFIRMATIVE DEFENSE**

**(Exemption Under Cal. Labor Code Section 512 & 514)**

50. As a separate and fiftieth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendant alleges that Plaintiff's various wage and hour claims on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in whole or in part, to the extent Plaintiff and/or other putative class members are covered by a valid Collective Bargaining Agreement and thus exempt under Labor Code section 512 and/or 514..

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its attorneys' fees and costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DATED: May 12, 2026

PAYNE & FEARS LLP
Attorneys at Law

By: */s/ Jeffrey K. Brown*
JEFFREY K. BROWN
MATTHEW C. LEWIS
JACK M. McMENAMIN

Attorneys for Defendant ABM Aviation, Inc.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**PROOF OF SERVICE**

**Laurie Davila v. ABM Aviation, Inc.**
**San Diego Superior Court**
**Case No. 25CU002207C**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On May 12, 2026, I served true copies of the following document(s) described as **DEFENDANT ABM AVIATION, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Thomas D. Rutledge, Esq.
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091-4606
Email: thomasrutledgelaw@gmail.com

*Attorneys for Plaintiffs*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Payne & Fears LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address hyavich@paynefears.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12, 2026, at Irvine, California.

*/s/ Helen Yavich*
Helen Yavich